**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CRISS McELDRIDGE CLAY,**

    **Plaintiff,**

    v.                                  **CASE NO. 20-3220-SAC**

**GAEL ESPARZA, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. At the time of filing, Plaintiff was incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court entered a Memorandum and Order and Order to Show Cause (Doc. 33) ("MOSC"), directing Plaintiff to show good cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. This matter is before the Court on Plaintiff's Response (Docs. 36, 37) to the MOSC.

Plaintiff's allegations are set forth in detail in the MOSC. In summary, Plaintiff alleges that on August 9, 2020, he was sexually assaulted by Officer 1 and was required to stripout a second time even though he had not left segregation and had just been stripped out before being put in an MRA cell. Plaintiff also claims that Nurse Shopteese was negligent in failing to provide a Rape Kit to examine Plaintiff for evidence. Plaintiff alleges that Defendant Schnurr, Warden at HCF, was negligent and deliberately indifferent in failing to properly train staff regarding transgender inmates, and in failing to have a Victim Services Coordinator available. Defendants have alleged that Plaintiff failed to exhaust his administrative remedies prior to bringing this action.

Plaintiff submitted an informal grievance on August 10, 2020, regarding his allegations

against Officer 1, and he provides a receipt for his Form 9.  *See* Doc. 12–4, at 6; Doc. 1–1, at 1.  His grievance does not mention his allegations against Nurse Shopteese or Warden Schnurr.  Furthermore, as set forth in the MOSC, Plaintiff did not complete the administrative grievance process regarding his allegations against Officer 1.  The Secretary of Corrections Designee submitted an affidavit stating that he found no grievance appealed to the Secretary of Corrections regarding the August 9 incident.  (Affidavit of Doug Burris; Doc. 12–4, at 2.)  Plaintiff alleges that because his informal resolution was not returned to him within ten days, he then "by default" exhausted his administrative remedies.  (Doc. 1–1, at 9.)

The Court's MOSC sets forth in detail the exhaustion requirements.  The Court found in the MOSC that:

> This grievance process was explained to Plaintiff on previous occasions.  Plaintiff filed a supplement (Doc. 27) suggesting that he was told he did not need to file a grievance of any sort because a PREA was filed.  Plaintiff attaches grievances which pre-date the incident at issue in this case.  The attachments show that Plaintiff was questioning why he was told he needed to go through the informal grievance process when he had filed an "emergency sexual grievance" which he argued does not require the informal step in the grievance procedure. (Doc. 27, at 6.)  Staff's response informed Plaintiff that because the issue was being handled via PREA, his grievance would be handled as a normal grievance.  *Id.*  Therefore, in April 2020, Plaintiff was informed that he needed to proceed under the normal grievance procedures and his grievance was not an "emergency" because a PREA investigation was already pending.  *See also id.* at 5 (response to grievance stating that because a grievance was already properly reported per PREA it is to be handled via normal procedures and that this "has been addressed and confirmed with you by UTM Bell"); *Id.* at 4 (response from Warden informing Plaintiff that even though he labeled his grievances as "emergency" grievances, they were not determined to be emergencies because the issues was also being addressed per PREA and they are handled under the regular grievance procedures).

(Doc. 33, at 7–8.)  In his response to the MOSC, Plaintiff again attaches a grievance relating to a previous unrelated incident where he questioned the administrative remedy process and whether his

2

PREA investigation was sufficient.  *See* Doc. 37–1 (Form 9 dated 4/13/20).  Although the staff member's April 15, 2020 response is unclear, the process was then subsequently explained to Plaintiff as set forth in the MOSC.

In his response, Plaintiff also sets forth a timeline for the applicable exhaustion steps. (Doc. 37–1, at 6.)  Plaintiff claims that the informal request was filed on August 10, 2020, and should have been forwarded to the warden ten days later if there was no response.  *Id*.  Plaintiff then claims that the warden would have ten additional days to respond, making his appeal to the Secretary of Corrections due around August 30, and the response due back to Plaintiff around September 19, 2020.  *Id*.  There is no evidence that Plaintiff took any steps beyond his informal resolution and he provides no legal support that exhaustion can be "by default." Considering Plaintiff's exhaustion timeline, even if he had taken the proper steps he would not have exhausted his administrative remedies prior to filing this action on August 25, 2020.  *See Pusha v. Myers*, 608 F. App'x 612, 614 (10th Cir. 2015) (unpublished) ("[A]n inmate must *complete* the grievance process before filing his complaint.") (emphasis in original) (citing *see* 42 U.S.C. § 1997e(a) (stating "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted"); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [§ 1997e(a)] for failure to exhaust his administrative remedies.")).  The Court finds that Plaintiff failed to exhaust his administrative remedies prior to filing this action.

Plaintiff has filed a motion to amend his complaint to add state law claims for medical malpractice, assault and battery, negligence, and intentional infliction of emotional distress. (Doc. 32.)   State law violations are not grounds for relief under § 1983.   "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental

3

jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal. *See* 28 U.S.C. § 1367(c)(3). Because the Court is dismissing Plaintiff's § 1983 claims for failure to exhaust administrative remedies, the Court would not assert supplemental jurisdiction over any state law claims. Therefore, Plaintiff's motion to amend is denied as futile.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion to amend complaint (Doc. 32) is **denied.**

**IT IS FURTHER ORDERED THAT** this case is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED THAT** Defendant Pam Shopteese's Motion to Dismiss Plaintiff's 42 U.S.C. 1983 Claim for Failure to State A Claim (Doc. 13) is moot and therefore **denied.**

**IT IS SO ORDERED.**

Dated February 10, 2021, in Topeka, Kansas.

                                       <u>s/ Sam A. Crow</u>
                                       Sam A. Crow
                                       U.S. Senior District Judge